Argued and submitted February 17, reversed as to attorney fees; otherwise affirmed August 4, 1999

A. Wayne SCOTT
and Marlene J. Scott, individually and
dba Mountain Shadow R. V. Park & Motel,
Mountain Shadow R. V. Village, Inc.,
an Oregon corporation; and C. Dennis Scott,
*Appellants,*

*v.*

HAROLD BARCLAY LOGGING COMPANY, INC.,
an Oregon corporation,
dba Barclay Contractors,
*Respondent.*

(95-CV-0399-ST; CA A99326)

987 P2d 17

Charles F. Hinkle argued the cause for appellants. With him on the briefs were Daniel K. Reising and Stoel Rives, LLP.

Martin E. Hansen argued the cause for respondent. With him on the brief were Brian L. Gingerich and Karnopp, Petersen, Noteboom, Hansen, Arnett & Sayeg, LLP.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Plaintiffs sued defendant for failing to construct their recreational vehicle park in a workmanlike manner.[1] The jury returned a verdict against plaintiffs and in favor of defendant on its counterclaims. The court awarded defendant attorney fees under ORS 20.105 but denied defendant's request for sanctions under ORCP 17. On appeal, plaintiffs raise five assignments of error and defendant cross-assigns error to the trial court's ORCP 17 ruling. We write only to address plaintiffs' fifth assignment of error on attorney fees and defendant's cross-assignment of error on sanctions.[2] We reverse the trial court's award of attorney fees under ORS 20.105 but affirm its denial of sanctions under ORCP 17.

■ Before ORS 20.105 was amended in 1995, that statute gave trial courts discretion to award attorney fees to the prevailing party "upon a finding by the court that the [other] party * * * acted in bad faith, wantonly or solely for oppressive reasons." ORS 20.105(1) (1993).[3] In *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990), the Supreme Court set out a three-part hierarchical analysis for courts to follow in evaluating a claim for attorney fees under ORS 20.105 (1993). To recover fees under ORS 20.105 (1993), the party must show that: (1) it was the prevailing party; (2) the opposing party's claim was meritless; and (3) the meritless claim was advanced for an improper purpose. *Mattiza*, 311 Or at 10. The court explained in *Mattiza* that "a claim, defense, or ground for appeal or review is meritless when it is entirely devoid of legal or factual support at the time it was made." *Id.* at 8 (footnotes omitted).

---

[1] Plaintiffs are the owners of the Mountain Shadow RV Park. They hired defendant to construct the cement pads, perform the rough grading, excavate for and lay the sewer lines, and construct the septic system for the park.

[2] We affirm without discussion the first four rulings to which plaintiffs assign error.

[3] The 1995 amendments to ORS 20.105 apply only to proceedings that are commenced on or after September 9, 1995. Or Laws 1995, ch 618, § 140(1). Because this proceeding began on July 14, 1995, the trial court correctly applied the 1993 version of the statute. All of the discussion of ORS 20.105 in this opinion refers to ORS 20.105 (1993).

■ In this case, there is no dispute that defendant prevailed. The question is whether plaintiffs' breach of contract claim was meritless. In deciding that question, the trial court found that even though plaintiffs had provided some factual support for their claim, their claim was still meritless because plaintiffs did not in fact believe in it. The Supreme Court made clear in *Matizza*, however, that a party's perception of the merit of its position is relevant only to the third step of the analysis, whether the claim was brought for an improper purpose. 311 Or at 8-9.[4] The only issue at the second step is whether the claim was entirely devoid of legal or factual support at the time it was made.

The trial court correctly recognized that, as a factual matter, plaintiffs provided some support for their claim that defendant had not constructed the park in a workmanlike manner. They produced an engineer who testified that the subsurface for the concrete pads had not been compacted sufficiently, although other evidence pointed in a different direction. There was also evidence that one segment of the sewer pipe had improperly been laid nearly flat although, as the court observed, the evidence that the sewer recirculating system had been damaged as a result was weak. Plaintiffs' evidence may have been weak, but their claim was not totally devoid of factual support. Under the standard announced in *Mattiza*, the trial court erred in concluding that plaintiffs' claim was meritless and in awarding defendant attorney fees under ORS 20.105 (1993).

We next consider defendant's cross-assignment of error that the court should have imposed sanctions under ORCP 17 C. In ruling on defendant's request for sanctions, the trial court applied the version of ORCP 17 that existed before that rule was amended in 1995.[5] The trial court

---

[4] The trial court also observed that plaintiffs' request for damages was exaggerated. That observation may bear on the legitimacy of plaintiffs' purpose, but it has no bearing on whether the claim is devoid of legal or factual support.

[5] At the beginning of the hearing on sanctions, the trial court stated its understanding that the pre-1995 version of ORCP 17 applied to defendant's request for sanctions. The court asked, "[y]ou aren't arguing, weren't arguing to the contrary, were you, [defendant's attorney]?" Defendant's attorney replied, "No, we're not, Your Honor." Defendant then proceeded to argue that sanctions should be imposed against plaintiffs under the pre-1995 version of ORCP 17. After the trial court

assumed that plaintiffs acted in bad faith when they instituted this action. It found, however, that because plaintiffs' attorney signed the complaint in good faith, ORCP 17 (1993) provided no basis for awarding sanctions.

■ On appeal, defendant argues that sanctions may be awarded under ORCP 17 if plaintiffs brought their claim in bad faith. Defendant's argument is at odds with the text of ORCP 17 C (1993) and the trial court's finding. By its terms, ORCP 17 C (1993) authorized the trial court to impose sanctions only "[i]f a pleading, motion or other paper is signed in violation of this rule."[6] Because plaintiffs' attorney signed the complaint, the trial court correctly focused on whether the attorney was acting properly when he signed it. *See* ORCP 17 A (1993). On appeal, defendant provides no reason to question the trial court's finding that the attorney was acting in good faith. We accordingly affirm the trial court's ruling denying sanctions under ORCP 17 (1993).

Reversed as to attorney fees; otherwise affirmed.

---

ruled against defendant's request for sanctions, defendant asked for 10 days to submit additional briefing to explain why the court's ORCP 17 ruling was incorrect. The trial court gave defendant leave to do so, but defendant did not submit any additional briefing.

Contrary to the trial court's understanding, the 1995 amendments to ORCP 17 apply to actions commenced before (as well as after) September 9, 1995, the effective date of the act. *See* Or Laws 1995, ch 618, § 140(2). Even if the amended version of ORCP 17 would lead to a different result in this case, we consider only the propriety of the court's ruling under the pre-1995 version of ORCP 17. When, as in this case, a party has invited the error, we will not reverse the trial court's judgment based on its application of the wrong version of the rule. *See State v. Gaynor*, 130 Or App 99, 106-07, 880 P2d 947 (1994), *rev den* 320 Or 508 (1995).

[6] ORCP 17 C (1993) specified when sanctions could be imposed. It provided:

"If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction."

Although ORCP 17 C (1993) authorized the imposition of a sanction "upon the person who signed [the pleading], a represented party, or both," the necessary prerequisite for imposing sanctions on anyone was that the "pleading [be] signed in violation of this rule."